UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

February 16, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-2475

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee,* <br><br>    *v.* <br><br> JOSE ROMERO-PEDROZA, <br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 03 CR 188 <br><br> Blanche M. Manning, <br> *Judge.* |

**O R D E R**

The district court sentenced defendant-appellant Jose Romero-Pedroza to 64 months in prison after he pled guilty to one count of being in the United States unlawfully after having been deported following a conviction of an aggravated felony that was a crime of violence, and who had a prior conviction of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Romero-Pedroza had a criminal history category of four, and an offense level of 21 based on his prior criminal convictions, resulting in a guideline range of 57 to 71 months' incarceration.

At the request of the parties, we ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), for the sentencing judge to determine whether she would have imposed the same sentence had she understood that the sentencing guidelines were advisory.

On January 31, 2006, the district court issued a memorandum and order advising the court that, after reviewing the written submissions of the parties as to this remand, the sentencing transcript, the presentence report with the associated objects, and the briefing on Romero-Pedroza's original motion for a downward departure, given the specific facts of Romero-Pedroza's case, with over twenty arrests and twelve convictions between 1991 and 2003, several involving weapons, it would have imposed the same sentence.

We invited the parties to file memoranda concerning the district court's response but only the government did so. Sentences properly calculated under the sentencing guidelines are presumptively reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). By not responding, Romero-Pedroza fails to rebut that presumption, and our review does not reveal any reason why his sentence would be unreasonable.

AFFIRMED.